IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number:

LINDSEY TRAXLER,

    Plaintiff,

v.

ARAPAHOE COUNTY SHERIFF TYLER S. BROWN, by and through
THE ARAPAHOE COUNTY COMMISSIONERS,

    Defendant.

## COMPLAINT AND JURY DEMAND

Comes now, Lindsey Traxler ("Ms. Traxler"), by and through counsel, Finger Law P.C., who submits this Complaint and Jury Demand ("Complaint") against Defendant Arapahoe Sheriff's Department, by and through the Arapahoe County Commissioners, ("Defendant") as follows:

### I.    INTRODUCTION

1. This is an action for violations of the Colorado Anti-Discrimination Act ("CADA"), C.R.S. § 24-34-402 for sex (female) discrimination and Title VII of the Civil Rights Act of 1964 ("Title VII").

2. Ms. Traxler is and has been a deputy employed at the Arapahoe Sheriff's Department for the past eleven years.

3. Ms. Traxler asserts that she was discriminated against because she was placed on involuntary unpaid leave while male co-workers were placed on paid leave or reimbursed for leave in similar circumstances.

## II.     JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. § 2000e et seq. ("Title VII") and C.R.S. § 24-34-401 et. Seq. ("CADA"), to redress unlawful discrimination based upon sex.

5. This Court is vested with subject matter jurisdiction over Plaintiff's claims pursuant to Title VII, and 28 U.S.C. § 1331. This Court possesses supplemental jurisdiction by virtue of 28 U.S.C. § 1367. Prior to filing this Complaint, Plaintiff timely filed charges of employment discrimination with the United States Equal Opportunity Commission and the Colorado Civil Rights Division.

6. This Court has personal jurisdiction over Defendant as Defendant conducted substantial, continuous, and systematic public activities within this State, is a governmental entity within this State, and a substantial part of the events and acts giving rise to this action occurred within the State of Colorado.

7. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391 as a substantial part of the events giving rise to this claim occurred in the State of Colorado and Defendant resides in this judicial district.

## III.     PARTIES

8. Plaintiff, Ms. Traxler, is a citizen of Colorado and is female. She is employed as a deputy with the Arapahoe County Sheriff and has been since March of 2010.

9. Defendant, Arapahoe County Sheriff Tyler S. Brown, is an arm of the Colorado County of Arapahoe and is a county organized and operating pursuant to the Constitution of Colorado. Defendant's County Clerk, is believed to accept service of behalf of Defendant, and that office is located at 5334 South Prince Street, Littleton, CO 80120.

## IV.     GENERAL ALLEGATIONS

10. All prior paragraphs are incorporated herein.

11. Ms. Traxler is a long-serving deputy who serves at the county jail (Arapahoe Detention Center) and has served in that capacity for over a decade.

12. Ms. Traxler began her employment with the Arapahoe Sheriff's Office in March 2010.

13. From 2010 through 2017, Ms. Traxler received positive performance evaluations and did not have any disciplinary history in her employment.

14. On February 17, 2018, an incident occurred outside of the workplace.

15. Another employee, Sergeant Bret Cohn, was dating Ms. Traxler. Ms. Traxler was living with Mr. Cohn, along with his son and her daughter from previous relationships.

16. Sergeant Cohn had driven with Ms. Traxler to Ms. Traxler's parents' home.

17. Mr. Cohn asserted that he did not want Ms. Traxler in their home anymore and told her parents to take Ms. Traxler.

18. Ms. Traxler was still in the vehicle from arriving.

19. Ms. Traxler's parents called police to report that Sergeant Bret Cohn had come to their home and that there was an apparent dispute between the two, but her parents were not certain what was the dispute was regarding.

20. When police responded, Ms. Traxler, knowing from her job her legal rights, elected not to answer their questions and remained silent. Mr. Cohn, however, used the opportunity to claim that Ms. Traxler was responsible for physically harming him.

21. With nothing but Mr. Cohn's statement to go on, Elbert County-based police charged Ms. Traxler with third degree assault, false imprisonment, and child abuse.

22. On February 18, 2018, Ms. Traxler was placed on unpaid administrative leave from her employment while the criminal case was ongoing.

23. Ms. Traxler disputed then and disputes now the allegations as asserted by Mr. Cohn.

24. Ms. Traxler asserts that in fact the opposite occurred; that Mr. Cohn shoved her while they were in their home together and then shoved her again when they were later in their garage before leaving in the vehicle.

25. Ms. Traxler initially pleaded not guilty in the criminal matter.

26. The false imprisonment and child abuse charges were dismissed.

27. Ms. Traxler obtained defense counsel, negotiated and accepted a deferred judgment agreement in which the third-degree charge would be dismissed after a period of 15 months.

28. Ms. Traxler completed all terms of the deferred judgment and the third-degree assault charge was dismissed. No criminal trial ever occurred and Ms. Traxler was never convicted of any crime.

29. In February 2019, Ms. Traxler met with the Arapahoe Sheriff regarding her position. She had been on unpaid leave for one year at this time.

30. The Sheriff made the decision to allow Ms. Traxler reinstatement if she could have a protection order between herself and Sgt. Cohn amended by the criminal court so that she could continue working at the detention center.

31. Ms. Traxler was successful in having the protection order amended so that she could return to duty.

32. On September 12, 2019, Ms. Traxler was returned to duty.

33.     Ms. Traxler, by herself and through counsel, requested that her pay be reinstated for the period of time she was on administrative leave.

34.     The Defendant refused to pay Ms. Traxler for the administrative leave.

35.     Other, male deputies who have been charged with criminal violations have been provided administrative leave with pay, or had back pay reinstated, in similar circumstances.

36.     Deputy William Morris, a male, on or about November 20, 2017, was arrested and charged with assault, domestic violence, and child abuse for allegedly shoving his wife and injuring her in front of his children.

37.     Deputy Morris was placed on administrative leave from his position on or about November 21, 2017.

38.     Deputy Morris was returned to work on January 25, 2018.

39.     Deputy Traxler has knowledge that Deputy Morris, after returning, was provided his back wages for the period he was on administrative leave.

40.     Other deputy males also have been issued pay during periods of administrative leave, while other, female deputies and/or other female employees have not been issued pay during periods of administrative leave.

41.     This represents clear differential treatment between males and females.

42.     Deputy Genor Carter was accused or charged with criminal acts, believed to include domestic violence. Deputy Carter was issued administrative leave with pay.

43.     Mr. Cohn himself was not placed on administrative leave without pay, despite the alleged reason for Ms. Traxler being placed on administrative leave being that there was an ongoing administrative investigation.

44.     In addition, Mr. Cohn was investigated for saving photos of crime scenes,

including at least one involving a nude female, to a private online account of his.

45. Other males have been charged, and in some cases, convicted of more serious criminal violations and been issued administrative leave with pay and/or back wages for periods of administrative leave that were originally unpaid.

46. By information and belief, the Arapahoe Sheriff's Office has engaged in other acts of discrimination against females and other suits have been filed against Defendant claiming sex-based discrimination.

47. Deputy Traxler, herself and through her counsel, requested her back pay and Defendant has denied such requests, including even partial back pay. Based on information and belief, this decision comes from as high as the Sheriff himself, and, if it did not, then it comes from Ms. Traxler's direct supervisory chain.

48. Deputy Traxler has remained employed with the Defendant as a deputy and has remained in good standing, with satisfactory to above satisfactory performance evaluations and no disciplinary actions.

## V.     STATEMENT OF CLAIMS FOR RELIEF

### COUNT I

Violation of Colorado Anti-Discrimination Act, § 24-34-402, for discriminatory terms and conditions of employment

49. Plaintiff hereby incorporates by reference the previous paragraphs of this Complaint.

50. Plaintiff is female and is therefore a member of a protected class based on her sex.

51. Plaintiff was subjected to adverse terms and conditions of employment by way of being placed in an unpaid status of employment from February 18, 2018, to September 12, 2019, a period of 19 months.

52. Male employees in similarly situated positions were not subjected to the same adverse terms and conditions.

53. Defendant either directly or by and through agents, discriminated against Plaintiff on the basis of her sex, and caused her injuries, damages, and losses.

54. As a consequence of Defendant's violation of CADA, Plaintiff has sustained significant economic and consequential damages, including wage and benefit loss, retirement income loss, reputational injury, and emotional upset and anxiety.

55. Defendant's conduct was the proximate cause of Plaintiff's injuries, damages, and losses.

## COUNT II

Violation of Title VII, 42 U.S.C. 2000e, for discriminatory terms and conditions of employment

56. Plaintiff hereby incorporates by reference all previous paragraphs.

57. Under Title VII of the Civil Rights Act of 1964, "It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;"

58. Plaintiff, under Title VII, was unlawfully discriminated against with respect to her compensation, terms, conditions, or privileges of employment because of her sex, female.

59. Plaintiff's coworkers, including but not limited to those referenced herein, were similarly situated and treated more favorably than she.

60. The Defendant is liable for the acts or omissions of its employees, including supervisors and managers.

61. As a consequence of Defendant's actions described herein, Plaintiff has sustained significant economic and consequential damages, including wage and benefit loss, retirement income loss, reputational injury, and emotional upset and anxiety.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in their favor and against Defendants, and award Plaintiff all relief as allowed by law, including, but not limited to the following:

- Economic damages in the form of back pay, and loss of retirement benefit pay as established at trial;

- Compensatory damages, including, but not limited to those for future pecuniary and non-pecuniary losses, emotional distress, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

- Special damages in an amount to be determined at trial;

- Punitive damages, as deemed appropriate by a jury;

- Attorney's fees and costs pursuant to Title VII and CADA;

- Pre-judgment and post-judgment interest at the lawful rate;

- Other costs Plaintiff has incurred as a result of the conduct of the Defendants; and

- Such further relief as justice requires and law allows, or as this Court deems just and proper.

- Plaintiff's damages are continuing to accrue in this matter, and as of the date of filing, Plaintiff requests to be awarded damages in an amount not less than $100,000.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted this 21st day of January, 2021.

                FINGER LAW, P.C.
                */s/ Casey Leier*
                  Casey Leier, #45155
                  William Finger, #7224
                  29025-D Upper Bear Creek Rd.
                  Evergreen, CO 80439
                  Phone: (303) 674-6955
                  Fax: (303) 674-6684
                  Email:  casey@fingerlawpc.com
                                   bill@fingerlawpc.com

                *ATTORNEYS FOR PLAINTIFF*

Plaintiff Address:

Lindsey Traxler
c/o Casey Leier, Esq.
29025-D Upper Bear Creek Rd.
Evergreen CO  80439